1 F.3d 1252
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 GRO MASTER FEED, INC., Plaintiff-Appellant,
v.
KING SYSTEMS, INC., Defendant-Appellee.
 No. 93-1105.
 United States Court of Appeals, Federal Circuit.
 May 5, 1993.
 
 Before RADER, Circuit Judge, BENNETT, Senior Circuit Judge, and SCHALL, Circuit Judge.
 ON MOTION
 RADER, Circuit Judge.
 
 ORDER
 
 1
 On April 15, 1993, the court, sua sponte, directed Gro Master Feed, Inc. to respond to the issue of the appealability of its case and permitted King Systems, Inc. to respond. Gro Master argues that its appeal is proper pursuant to the collateral order doctrine. King, in a response filed out of time, (1) argues that Gro Master's appeal should be dismissed for lack of jurisdiction and (2) moves for sanctions against Gro Master for filing a frivolous appeal.
 
 
 2
 This matter stems from a magistrate judge's October 15, 1992 order directing Gro Master to comply fully with all of King's discovery requests, including, inter alia, releasing Gro Master's customer information with respect to products related to the patent in suit and releasing documents referring to Gro Master's swine production and hog feeding technology. The order was appealed to and affirmed by the district court on November 17, 1992. Gro Master appealed and recently filed a motion that led this court to review Gro Master's notice of appeal and to order Gro Master to respond to the issue of whether the district court's order is immediately appealable.
 
 
 3
 Gro Master argues that the discovery order compelling production is collateral to the underlying litigation and is therefore appealable as a final order pursuant to the collateral order doctrine established in Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541 (1949). King argues that the collateral order doctrine is not applicable. We agree with King.
 
 
 4
 Pursuant to the collateral order doctrine, an interlocutory order is considered final for purposes of appeal if it "(1) conclusively determine[s] the disputed question, (2) resolve[s] an important issue completely separate from the merits of the action, and (3) [is] effectively unreviewable on appeal from a final judgment." Coopers & Lybrand v. Livesay, 437 U.S. 463, 468 (1978). Here, the third prong of the test is not satisfied because Gro Master may seek review of the discovery order in an appeal after any adverse final judgment. Quantum Corp. v. Tandon Corp., 940 F.2d 642, 644 (Fed.Cir.1991) (determining that a discovery order "do[es] not satisfy the third requirement of the Cohen doctrine, because [it is] effectively reviewable on appeal from a final judgment."). Hence, the discovery order is effectively reviewable on appeal and may not be appealed as a collateral order pursuant to Cohen.
 
 
 5
 With regard to King's motion that sanctions be imposed against Gro Master for filing a frivolous appeal, we remind King that its motion comes only after this court raised the issue of jurisdiction, sua sponte, and all of the briefs had been filed. Pursuant to Fed.Cir.R. 27(d), an appellee is required to file a motion to dismiss for lack of jurisdiction "as soon after docketing as the grounds therefor are known." King did not file such a motion.
 
 
 6
 Accordingly,
 
 IT IS ORDERED THAT:
 
 7
 (1) Gro Master's appeal is dismissed for lack of jurisdiction.
 
 
 8
 (2) King's motion for sanctions against Gro Master is denied.
 
 
 9
 (3) All remaining motions are moot.
 
 
 10
 (5) Each side shall bear its own costs.